The intent of the Act in determining the average weekly wage is to determine results, which are fair and just to both the employer and the employee. The results reached by the majority and the Deputy Commissioner are not in keeping with this intent. Therefore, I must dissent from the majority decision modifying the Deputy Commissioners Opinion and Award and would reverse the Deputy Commissioners determination of the average weekly wage in this case.
N.C. Gen. Stat. 97-2(5) provides five possible methods of determining the average weekly wage. The method selected must be based on fairness with regard to both parties including what would most nearly approximate the amount, which the injured employee would be earning were it not for the injury. Importantly, a part-time job or intermittent part-time job shall not be converted to a full-time or continuous job when calculating the average weekly wage. Joyner v. A.J. Carey Oil Co., 266 N.C. 519,146 S.E.2d 447 (1966). In the instant case, that is precisely the outcome of the majority opinion.
Plaintiff stipulated that at the time of his injury he was working to supplement his social security retirement benefits; therefore, his employment should be treated as intermittent part-time work and the sum of his earnings should be divided by 52 weeks to obtain an average weekly wage which is fair and just and most nearly approximates what he would have earned had it not been for his injury. The methods employed by the Deputy Commissioner and the majority produce an artificially high average weekly wage that deviates from the statutory intent. The Deputy Commissioner calculated an average weekly wage of $199.50 while the majority calculated an average weekly wage of $204.19. Both of these average weekly wages produce an annual income greater than what plaintiff had ever earned with defendant-employer or intended to earn based on the social security offset. Employing the second method of calculation is patently unfair and the fifth method is the only method that will render fair and just results. The payroll records for the 52-week period prior to plaintiffs injury indicate that he earned $6,296.00 during that period. Dividing this figure by 52 weeks yields an average weekly wage of $121.08 with a weekly compensation rate of $80.72. This average weekly wage is fair and just to both parties and produces an average weekly wage indicative of plaintiffs intermittent part-time employment with defendant-employer.
 S/_______________ DIANNE C. SELLERS COMMISSIONER